IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARTHUR BOTANY,

                              OPINION AND ORDER

            Plaintiff,

                                19-cv-1015-bbc

      v.

KEVIN CARR,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Arthur Botany, who is incarcerated at the Wisconsin Secure Program Facility, has filed this proposed civil action under 42 U.S.C. § 1983, contending that defendant Kevin Carr, Secretary of the Department of Corrections, violated his constitutional rights by failing to insure that staff followed institutional policies regarding mailing supplies. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. After reviewing the complaint, I conclude that plaintiff has failed to state a claim upon which relief may be granted against defendant Carr.

OPINION

Plaintiff's one-page complaint is difficult to read, but I understand him to be alleging that the business office and staff in his housing unit at the Wisconsin Secure Program Facility was not following an institutional policy regarding the provision of paper, envelopes and postage to indigent inmates. According to plaintiff, inmates who meet the requirements for indigent status may request postage, envelopes and two sheets of paper on the first and 15th of each month. Plaintiff alleges that the business office initially told him that he would

1

have to request these items one week before he was due to receive them. He also alleges that after complaining about not getting any paper, the business office decided to send his envelope to housing unit staff, who were supposed to put the paper in the envelope to give to plaintiff. Plaintiff still did not receive paper. When he asked for paper, housing unit staff stopped giving him envelopes and postage altogether. Plaintiff filed an inmate complaint and wrote to defendant Kevin Carr, who is the Secretary of the Department of Corrections. Plaintiff alleges that the Wisconsin Secure Program Facility practices institutional racism, which is carried out by "white supremacists" who are "closeted gays."

Plaintiff's allegations are insufficient to state a federal claim. He seems to be asking the court to force prison staff to follow their own rules about how mailing supplies are to be provided to indigent inmates. I am not aware of any law allowing plaintiff to enforce prison or Department of Corrections regulations in federal court. Greybuffalo v. Frank, No. 06-cv-504, 2006 WL 3024729, at *5 (W.D. Wis. Oct. 20, 2006) (finding same). In addition, even though indigent inmates must be provided the basic materials necessary to draft and mail legal documents, they do not have a constitutional right to unlimited free postage. Ingram v. Jones, 507 F.3d 640, 645 (7th Cir. 2007). Plaintiff makes general allegations about racism, but his allegations do not suggest that defendant Carr or anyone else treated him differently because of his race.

Plaintiff also cannot seek to hold Carr liable solely because he is the Secretary of the Department of Corrections and had overall responsibility for implementing the policy regarding mailing supplies. Section 1983 "does not establish a system of vicarious liability;

2

a public employee's liability is premised on [his] own knowledge and actions, and therefore requires evidence that each defendant, through [his] own actions, violated the Constitution." Aguilar v. Gaston-Camara, 861 F.3d 626, 630 (7th Cir. 2017). In addition, simply "[r]uling against a prisoner on an administrative complaint [about a completed act of misconduct] does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). See also Whitlock v. Brueggemann, 682 F.3d 567, 588-89 (7th Cir. 2012) (Constitution does not require officials to investigate or correct wrongdoing after it has happened). Accordingly, I am dismissing this case for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Arthur Botany's failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment for defendant Kevin Carr and close this case.

Entered this 24th day of February, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3